Filed 6/15/26  Powers v. Monica M. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BRIAN TIMOTHY POWERS,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>MONICA M.,<br><br>      Defendant and Respondent. | A172204<br><br>(San Mateo County<br>Super. Ct. No.<br>24-FAM-00235-A) |
| MONICA M.,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>BRIAN TIMOTHY POWERS,<br><br>      Defendant and Appellant. | A172502<br><br>(San Mateo County<br>Super. Ct. No.<br>24-FAM-00235) |

Brian Timothy Powers (appellant) appeals from the trial court's orders granting a request by Monica M. (respondent) for a domestic violence restraining order (DVRO) under the Domestic Violence Prevention Act (DVPA; Fam. Code, § 6200 et seq.)[1] and denying his request for a DVRO against her.  We affirm.

_____

[1] All statutory references are to the Family Code unless otherwise indicated.

1

## BACKGROUND[2]

The parties were involved in a romantic relationship that ended in August 2023. Subsequently, appellant sent respondent emails and text messages that, among other things, claimed to have surveillance tapes of her; accused her and her ex-husband Bobby of having gang members follow him; and claimed that respondent and her ex-husband planted listening devices in his home.

On August 31, 2023, appellant sent an email falsely accusing respondent of having sexual intercourse with a contractor working for her. Then, on September 3, she received a text in Spanish including words to the effect that the contractor " 'is fucking Monica,' " among other profanities. The contractor testified that the text was false and that its wording suggested it was from a non-native Spanish language speaker. Respondent believed appellant sent the text from a different phone number.

On September 8, 2023, respondent reported appellant's actions to the San Mateo County Sheriff's Office. Sheriff's Deputy Anthony Psaila advised her to cease all contact with appellant and to ask him to stop communicating with her, and she sent him texts asking him to stop "contacting" her and "harassing" her. Deputy Psaila then visited appellant at his residence, asked him to stop contacting respondent, and told him if he continued to text her, it would be considered harassment. Appellant told the deputy he was concerned that respondent had placed listening devices in his home.

---

[2] Our recitation of the background facts reflects the applicable substantial evidence standard of review; we " ' "accept as true all evidence . . . tending to establish the correctness of the trial court's findings . . . , resolving every conflict in favor of the judgment." ' " (*Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1143 (*Burquet*).)

Appellant persisted in contacting respondent, sending her two emails on September 11, 2023 and a text message on October 31; respondent also believed appellant sent her a Christmas ornament that she received in December, which had appellant's, her, and her children's names on it. Appellant also sent respondent messages on a dating application on October 10.

At the end of January 2024, respondent received two text messages that were from a phone number she did not recognize but that she believed were sent by appellant. The first, which she received late at night on January 30, states, "Free tonight to talk? I see you awake." The second states, "You need a new work computer fast delivery." She also received photographs of appellant's house via text from the same number.

Respondent contacted Deputy Psaila, and together they composed a reply text stating, "Brian, please stop contacting me. I no longer wish to have any communication with you, and if you communicate with me again, I will file charges against you for harassment." Respondent initially received the response "Ok," but then later received a message stating, "Hopefully Brian just dies! That way your kids and friends will never know all the bad things you and Bobby did to humiliate and torture him. Everyone will just think he's harassing you and doing all the things you actually did to him." Deputy Psaila asked appellant if he sent the texts, but appellant denied doing so.

On February 2, 2024, respondent filed a request for a DVRO (case No. 24-FAM-00235). On February 5, the trial court issued a temporary restraining order directing appellant to cease all contact with respondent and to stay at least 100 yards away.

On September 11, 2024, appellant filed a request for a DVRO against respondent (case No. 24-FAM-00235-A). He alleged that she had engaged in

"identity theft, defamation, stalking in person and onlin[e]" and illegally recording him. Appellant attached a detailed statement in support of his request.[3] He also attached a report from a "computer forensic firm." The report found evidence of hacking and online impersonation but the report did not identify respondent as the perpetrator.

The trial court conducted hearings in July, October, and November 2024. Respondent presented her own testimony and that of Deputy Psaila, appellant's ex-wife, her contractor, and her ex-husband; appellant presented his own testimony and that of a coworker and another officer.

On November 8, 2024, the trial court granted respondent's request for a DVRO and denied appellant's request. The DVRO was granted for a period of two years. In rendering its decision, the court stated, "the Court does find based on the presentation of satisfactory evidence that abuse did occur within the meaning of the [DVPA]. [¶] The Court finds that [respondent] has met her burden to prove by a preponderance of the evidence that [appellant] did commit abuse against her and that [appellant's] behavior and comments to her in the form of e-mails, in the form of text messages and in the form of overall behavior has destroyed her mental and emotional calm."

In rejecting appellant's request, the court stated, "The Court is not of the mind that you are not experiencing suspicious behavior. You submitted information regarding damage to your tires. You submitted information indicating that you had experienced some sort of cyber attack or cyber

---

[3] Given the trial court's denial of appellant's request for a DVRO, it is unnecessary to summarize appellant's allegations in detail. In the discussion section, we reject appellant's contention that the court erred in denying the DVRO. In short, appellant failed to present evidence that respondent was the perpetrator of the alleged conduct beyond his own speculative accusations.

4

harassment.  The issue, sir, is that the Court has not heard evidence from you that establishes that the perpetrator of that behavior is" respondent.

On November 12, 2024, appellant requested a statement of decision. He acknowledged that the request was late.  In December, the court denied appellant's request as untimely.

The present appeal followed.  This court consolidated appellate case numbers A172204 and A172502.

DISCUSSION

The purpose of the DVPA "is to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence."  (§ 6220.)  To further this purpose, a court may issue an order to restrain any person if evidence provided to the court shows "reasonable proof of a past act or acts of abuse."  (§ 6300, subd. (a).)  "We review the grant or denial of a request for a DVRO for abuse of discretion."  (*In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 226.)  " ' "To the extent that we are called upon to review the trial court's factual findings, we apply a substantial evidence standard of review." ' "  (*Ibid.*)

I.    *Substantial Evidence Claim*

Appellant first contends the record does not contain evidence of abuse within the meaning of the DVPA.  He argues his communications to respondent contained "no threats or language suggesting violence."  But " ' "disturbing the peace of the other party" in section 6320 may be properly understood as conduct that destroys the mental or emotional calm of the other party.' "  (*Burquet, supra*, 223 Cal.App.4th at p. 1146.)  The trial court had before it evidence that appellant repeatedly sent respondent harassing

5

texts and emails, even after she asked him to stop. Those messages included disturbing accusations and suggested that appellant was watching and recording respondent. Moreover, the messages were long, rambling, incoherent, and aggressive in tone. The conduct shown by the evidence before the court was sufficient to satisfy the statutory definition of abuse.

Appellant asserts that he did not contact respondent after September 2023, but there was very strong circumstantial evidence that appellant sent respondent anonymous messages from a different phone number at the end of January 2024. (*People v. Clark* (2011) 52 Cal.4th 856, 943 [" 'Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence' "].) The texts included photos of appellant's home and reflected knowledge of respondent's ex-husband's name; the sender did not deny he was "Brian" when respondent asked him to stop contacting her; and the final text expressed sympathy for appellant for alleged mistreatment by respondent and her ex-husband. Accordingly, substantial evidence supports the court's implied finding that appellant sent the messages.

In sum, appellant has not shown insufficient evidence supports the DVRO, both because the evidence supports the court's findings regarding appellant's conduct and because appellant's conduct met the statutory definition of abuse.[4] Neither has appellant shown the trial court abused its discretion in selecting a duration of two years.

---

[4] Because we are required to resolve all evidentiary conflicts in favor of the trial court's orders (*Burquet, supra*, 223 Cal.App.4th at p. 1143), we need not and do not address those of appellant's arguments that are based on his interpretations of the evidence in his favor.

II.    *Due Process and Evidentiary Claims*

Appellant next makes a number of claims that the trial court denied him due process and improperly denied him an opportunity to present evidence and conduct cross-examination.

Appellant claims the trial court denied him due process by consolidating his request for a DVRO with respondent's request.  However, he forfeited any objection to consolidation by agreeing to the court's suggestion to consider the parties' requests jointly.  (*People v. Cardona* (2009) 177 Cal.App.4th 516, 523.)  In any event, he has not shown the court abused its discretion by consolidating the matters.  (Code Civ. Proc., § 1048, subd. (a).)

Appellant argues the trial court denied him "cross-examination and authentication opportunities," but he fails to demonstrate the court abused its discretion in those respects or that any error was prejudicial.  (*Zuniga v. Alexandria Care Center, LLC* (2021) 67 Cal.App.5th 871, 888 ["The trial court's error in excluding evidence is grounds for reversing a judgment only if the party appealing demonstrates a 'miscarriage of justice'—that is, that a different result would have been probable if the error had not occurred"].)  In particular, appellant has not shown the court refused to consider any evidence or allow any cross-examination that could have affected the result below.  For example, appellant references a recording of an interaction between respondent and an Officer Morales at the end of January 2024. Appellant claims the recording reveals that the officer described appellant as cooperative and that respondent suggested appellant had dementia after learning of appellant's identity theft allegation.  But the Morales recording, as described by appellant, is not inconsistent with the evidence supporting the DVRO.

7

Neither has appellant shown that the trial court abused its discretion in limiting the cross-examination of his ex-wife, who testified about her communications with respondent. Appellant sought to ask his ex-wife about a custody proceeding they were involved in and the trial court asked for an offer of proof. Appellant said that his ex-wife had referenced the DVRO proceeding and concerns about his mental health in the custody proceeding. The court warned appellant to keep the questions relevant and allowed substantial questioning about the witness's communications with respondent and police officers. On appeal, appellant asserts that the trial court unfairly limited his questioning, but the record citations he provides do not support the assertion. Appellant has not shown the court abused its discretion in limiting cross-examination.

Appellant also references the Christmas ornament respondent received. The evidence in the record is inconclusive regarding who purchased the ornament, and there is no indication the trial court relied on the ornament in issuing the DVRO. Appellant appears to suggest the court erred in failing to find that respondent ordered the ornament herself in order to fabricate evidence against appellant. However, we defer to the court's implied finding that respondent was credible in her testimony that she did not purchase the ornament. The evidence did not compel the court to find to the contrary.[5]

Appellant argues the trial court's denial of his request for a temporary restraining order reflected "prejudgment" of his claims. But the record demonstrates the trial court considered appellant's evidence and arguments before rendering its decision.

---

[5] Appellant also references other evidence in passing in his brief. He has not shown error as to those other matters, much less prejudicial error. Neither has he shown cumulative error.

To the extent appellant claims the trial court erred in failing to grant his request for a DVRO based on the forensic report of the harassment he experienced, the claim fails because appellant failed to present evidence respondent was responsible for the incidents he described. We reject appellant's claim that the court applied different "attribution" standards to the January 2024 texts relied upon by respondent and the harassing conduct relied upon by appellant. The circumstantial evidence permitted a reasonable inference appellant sent the January 2024 texts, but appellant points to no circumstantial evidence supporting an inference respondent was responsible for the conduct he alleged, much less evidence *compelling* the court to so find. The fact that appellant may have experienced hacking or identity theft at the same time he was in conflict with respondent does not support a reasonable inference respondent was the perpetrator.

III.   *Denial of Request for Statement of Decision*

Finally, appellant contends the trial court erred in denying his request for a statement of decision, made on November 12, 2024, several days after the trial court announced its decision. Code of Civil Procedure section 632 requires that a request for a statement of decision "be made prior to the submission of the matter for decision" when "the trial is concluded within one calendar day or in less than 8 hours over more than one day." Respondent explains in her brief on appeal that the total time of the hearings below was less than eight hours.[6] Appellant admitted below that his request was untimely, and in his reply brief on appeal, he fails to rebut respondent's

_____

[6] Respondent cites to portions of the record showing the first two evidentiary hearings lasted 2 hours and 7 minutes and 2 hours and 42 minutes, for a total of under 5 hours. It is unclear how long the November 2024 hearing was, but the length of the transcript is a strong indication it was much shorter than the first two hearings.

9

showing that he was required to make his request before the matter was submitted. The trial court did not err.

## DISPOSITION

The trial court's orders are affirmed. Costs on appeal are awarded to respondent.

SIMONS, J.

We concur.

JACKSON, P. J.
BURNS, J.

(A172204 & A172502)

10